**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY,
Petitioner,**

v.

**Robert GRIFFIN, Respondent.**

No. 96–0898.

Supreme Court of Texas.

Nov. 13, 1997.

Craig Randal Lively, Beaumont, for Petitioner.

John Andrew Cowan, Beaumont, for Respondent.

PER CURIAM.

This is a declaratory judgment action. Farmers Texas County Mutual Insurance Company sought a declaration that it had no duty to defend or indemnify its insured, James Royal III, in a suit brought by Robert Griffin. The trial court granted summary judgment for Farmers. The court of appeals

reversed, holding that Farmers has a duty to defend Royal but not to indemnify him. We hold that, under the facts alleged against Royal, Farmers has no duty to defend Royal in the underlying suit. We further hold that Farmers' duty to indemnify Royal constituted a justiciable controversy properly reached and decided by the trial court. Accordingly, we reverse the judgment of the court of appeals and render judgment for Farmers.

After issuing our original opinion, we recognized an issue regarding the justiciability of the duty to indemnify, which we must raise *sua sponte*. *Central Sur. & Ins. Corp. v. Anderson*, 445 S.W.2d 514, 515 (Tex.1969). We requested further briefing from the parties on this question, and now withdraw our former opinion and substitute this one in its stead.

On October 22, 1991, gunshots from a passing vehicle hit and injured Robert Griffin as he walked down the street in Beaumont, Texas. Griffin sued the driver of the vehicle, James Royal III, and others for negligence and gross negligence resulting in injury to his right leg.[1] Griffin alleged that Royal drove the vehicle while his two passengers fired the shots. Royal invoked Farmers' duty to defend him under his personal automobile liability insurance policy. Farmers defended Royal subject to a reservation of rights and then filed this declaratory judgment action to challenge its duty to defend and indemnify Royal. The record shows that the suit between Griffin and Royal remains pending.

Farmers' policy provides that Farmers "will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an *auto accident.* ... We will settle or defend, as we consider appropriate, any claim or suit asking for these damages." (Emphasis added.) The policy defines a "covered person"

as "you or any family member for the *ownership, maintenance, or use* of any auto or trailer." (Emphasis added.) The policy excludes coverage for any person "[w]ho intentionally causes bodily injury or property damage."

An insurer's duty to defend and duty to indemnify are distinct and separate duties. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex.1997). Thus, an insurer may have a duty to defend but, eventually, no duty to indemnify. For example, a plaintiff pleading both negligent and intentional conduct may trigger an insurer's duty to defend, but a finding that the insured acted intentionally and not negligently may negate the insurer's duty to indemnify. We therefore address these two duties separately.

In *National Union Fire Insurance Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139 (Tex.1997), we reiterated that the petition's allegations and the policy's language determine the insurer's duty to defend. *Id.* at 141; *see also Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982). A court must focus on the factual allegations rather than the legal theories asserted in reviewing the underlying petition. *National Union*, 939 S.W.2d at 141. In determining whether Farmers has a duty to defend Royal, then, we must decide whether Griffin has alleged an auto accident that does not involve intentional acts.

Griffin's petition alleges that "[s]uddenly and without warning, a vehicle driven by [Royal] approached Mr. Griffin. Several rounds of gunfire were discharged from the vehicle in the direction of the Plaintiff." It continues: "This drive-by shooting was a random act of violence which has permanently injured and scarred the plaintiff." Thus,

---

1. Section III of Griffin's First Amended Petition alleges that the defendants are liable for negligence including:
 1. Failure to operate a motor vehicle in a safe manner;
 2. Negligent transportation of armed persons;
 3. Failure to control the acts of those being transported;
 4. Failure to stop and render aid;
 5. Failure to take evasive action to avoid injury to the Plaintiff; and
 6. Other acts to be specified in detail at the time of trial.

 Section VI of the petition, seeking punitive damages, alleges that Griffin's injuries were caused by "gross negligence, conscious indifference, and utter disregard for the safety and welfare of the Plaintiff."

although Griffin seeks relief on legal theories of negligence and gross negligence, he alleged facts indicating that the origin of his damages was intentional behavior. He made no factual contention that could constitute negligent behavior by Royal. *See National Union,* 939 S.W.2d at 141. Griffin's claim is within the policy's exclusion of intentional acts. Farmers therefore has no duty to defend Royal.

Farmers is not required to defend Royal for another reason: Griffin's petition does not allege that his injuries resulted from an auto accident. "The term 'auto accident' refers to situations where one or more vehicles are involved with another vehicle, object, or person." *State Farm Mut. Ins. Co. v. Peck,* 900 S.W.2d 910, 913 (Tex.App.—Amarillo 1995, no writ). The term "auto accident" is not ambiguous so that a court must look to the parties' intent or a construction in favor of coverage. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995). To read Griffin's petition as alleging an "auto accident" would strain that term beyond any reasonable meaning.

Before determining whether Farmers has a duty to indemnify Griffin, we must first address whether this duty is properly justiciable by declaratory judgment before the rendition of a judgment in the underlying suit. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). In *Firemen's Insurance Co. v. Burch,* 442 S.W.2d 331 (Tex.1968), we held that there was no justiciable controversy regarding the insurer's duty to indemnify before a judgment has been rendered against an insured. Thus, a declaratory judgment to determine whether the insurer had a duty was premature. Based in part on the amended language of Article V, Section 8 of the Texas Constitution and our decision in *State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696 (Tex.1996), we now hold that parties may secure a declaratory judgment on the insurer's duty to indemnify before the underlying tort suit proceeds to judgment.

In *Burch,* Dorothy Burch was injured in a collision between the car in which she was riding and a car driven by Sarah Buttler. At the time, Sarah was separated from her husband, Larry Buttler, and they afterward divorced. Before the accident, when the Buttlers were still living together, they purchased a family automobile policy, but only Larry Buttler was listed as a named insured. Firemen's Insurance took the position that since the Buttlers had separated, Sarah was not covered. The trial court ruled that Firemen's Insurance was obliged to defend Larry Buttler and pay any judgment rendered against him, but that it was not obliged to defend Sarah Buttler or pay any judgment rendered against her. The court of appeals affirmed. 426 S.W.2d 306 (Tex.Civ.App.—Austin 1968). This Court held that whether Firemen's Insurance was obliged to defend the Buttlers was a justiciable issue, but whether it was obliged to indemnify the Buttlers was not justiciable until judgment was rendered against them in favor of the Burches. *Burch,* 442 S.W.2d at 332–34.

Our holding in *Burch* was based upon Article V, Section 8 of the Texas Constitution, which prohibits advisory opinions. *Burch,* 442 S.W.2d at 333. At that time, Article V, Section 8 provided:

*The District Court shall have original jurisdiction in all criminal cases of the grade of felony; in all suits in behalf of the State to recover penalties, forfeitures and escheats; of all cases of divorce; of all misdemeanors involving official misconduct; of all suits to recover damages for slander or defamation of character; of all suits for trial of title to land and for the enforcement of liens thereon; of all suits for the trial of the right of property levied upon by virtue of any writ of executions, sequestration or attachment when the property levied on shall be equal to or exceed in value five hundred dollars; of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest; of contested elections, and said court and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction.*

The District Court shall have appellate jurisdiction and general control in probate

matters, over the County Court established in each county, for appointing guardians, granting letters testamentary of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law. The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law.

TEX. CONST. art. V, § 8 (amended 1985) (emphasis added). Thus, until the underlying lawsuit was concluded, a district court could only speculate that the value of the matter in controversy exceeded five hundred dollars. Since our decision in *Burch*, however, Section 8 has been amended to create original jurisdiction in the district courts over "all actions, proceedings, and remedies." TEX. CONST. art. V, § 8. This amendment to Article V, Section 8 significantly broadened the scope of district court jurisdiction. The language of the amended version is broad enough to allow district courts jurisdiction to resolve declaratory judgment actions on the duty to indemnify.

Our decision in *Gandy*, handed down after the amendment of Article V, Section 8, hinted that indemnity issues are not always nonjusticiable before liability is resolved. *Gandy* requires an insurer to either accept coverage or make a good faith effort to resolve coverage before adjudication of the plaintiff's claim, and also suggests that the plaintiff may wish to participate in that litigation. *Gandy*, 925 S.W.2d at 714. If, as *Burch* held, coverage issues other than the duty to defend are always nonjusticiable, it would be impossible for an insurer to make a good faith effort to fully resolve coverage before a judgment has been rendered in the underlying claim.

It may sometimes be necessary to defer resolution of indemnity issues until the liability litigation is resolved. In some cases, coverage may turn on facts actually proven in the underlying lawsuit. For example, the plaintiff may allege both negligent conduct and intentional conduct; a judgment based upon the former type of conduct often triggers the duty to indemnify, while a judgment based on the latter usually establishes the lack of a duty. In many cases, however, the court may appropriately decide the rights of the parties before judgment is rendered in the underlying tort suit.

 We now hold that the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.* Based on the facts and the rule we announce today, Farmers has no duty to indemnify Royal. No facts can be developed in the underlying tort suit that can transform a drive-by shooting into an "auto accident." Farmers has no duty to defend, and, for the same reasons, has no duty to indemnify Royal.

Accordingly, the Court grants Farmers' application for writ of error and, under Texas Rule of Appellate Procedure 59.1, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for Farmers. Griffin's application for writ of error is denied.