NO. 07-01-0461-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 30, 2003

_____

MARIA BURNAM AND JESSICA CONTRERAS, INDIVIDUALLY AND

AS NEXT FRIEND OF ASHLEY JOHNSON, A MINOR CHILD, APPELLANTS

V.

LOIS WALLIS PATTERSON, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-501-990; HONORABLE BLAIR CHERRY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J.[1]

**OPINION**[2]

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. R. App. P. 47.2(a).

Maria Burnam and Jessica Contreras, individually and as next friend of a minor child, Ashley Johnson, (Burnam and Contreras), present two issues challenging a summary judgment denying them any recovery against Lois Wallis Patterson in their action to recover for personal injuries sustained in an automobile accident.[3]  By issue one, Burnam and Contreras contend the trial court erred in granting summary judgment based upon Patterson's discharge in a Chapter 7 bankruptcy proceeding.  According to Burnam and Contreras, Patterson's motion for summary judgment in effect asserted that her discharge in bankruptcy barred the prosecution of the personal injury action unless Burnam and Contreras participated in the bankruptcy proceeding.  Based upon the rationale expressed herein, we affirm.

On May 4, 1998, Burnam and Contreras filed suit in State court against Patterson seeking to recover damages for personal injuries sustained in an automobile accident on May 3, 1996, and Patterson's original answer was filed on September 8, 1998.  Patterson filed a Petition in Bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, on December 11, 1998, and a suggestion of bankruptcy was filed in the underlying proceeding in State court on January 7, 1999.  Among other things, the suggestion of bankruptcy included a reference to the automatic "stay" provision of 11 U.S.C. § 362 (1993).  Although a copy of the suggestion of bankruptcy was sent to appellants' counsel, appellants did not file a claim in the

---

[3]Counsel for appellants waived issue two during oral argument and thus, we will not consider it.

2

bankruptcy proceeding or present a motion seeking to lift the automatic "stay" of their action in State court per § 362(d). After the Bankruptcy Court entered Patterson's discharge,[4] Patterson filed her motion for summary judgment and amended her pleadings to raise discharge in bankruptcy. In response, contending that at the time of the accident, Patterson was an insured under a policy of liability insurance which provided policy limits of $50,000 per person, without addressing Patterson's discharge in bankruptcy, Burnam and Contreras amended their petition and sought to recover their damages against Patterson, not to exceed $50,000 for Burnam, $5,000 for Contreras, and $3,000 for the minor; however, the amended petition expressly reserved "the right to plead further." Upon reconsideration, the trial court granted Patterson's motion for summary judgment. Before we commence our analysis, we first review the relevant bankruptcy law, rules of procedure, and standard of review applicable to summary judgments.

---

[4]The order signed April 23, 1999 provided:

1. [Patterson] is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

> (a) debts dischargeable under 11 U.S.C. sec. 523;
> (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), ( 6) and (15) of 11 U.S.C. sec. 523(a);
> (c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or *continuing* any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

(Emphasis added).

3

## Bankruptcy Law and Rules of Procedure

11 U.S.C. § 362(a)(1) stays the continuation of litigation in other courts pending against the debtor. As non-debtors, Burnam and Contreras had the responsibility to notify the trial court that the action was stayed and to take action to assure that the action did not continue. 3 Collier on Bankruptcy ¶ 362.03[3] at 362-14-15 (15th ed.).[5] Relief from the automatic "stay" can only be granted by the bankruptcy court pursuant to § 362(e) when it is sought by motion. 3 Collier on Bankruptcy ¶ 362-108 at 362-107-08.

The rendition of a discharge in bankruptcy operates to release the debtor from personal liability for dischargeable debts and also operates "as an injunction against the commencement or continuation of an action or the employment of process to collect or recover a debt as a personal liability against the debtor." 11 U.S.C. § 524.02; *see also* 3 Collier on Bankruptcy ¶ 524.02 at 324-12. Even though § 362(a)(6) does not stay actions against nondebtors, *see* 3 Collier on Bankruptcy ¶ 362.03[8][b] at 362-34, and § 524(e) does not enjoin actions against a nondebtor, *i.e.* guarantor, after the debtor's discharge, *see* 3 Collier on Bankruptcy ¶ 524.05 at 524-39, as applicable here, Rule 51 of the Texas Rules of Civil Procedure provides that a direct action against a liability insurance company may not be maintained in Texas. In addition, under Rule 94, discharge in bankruptcy is an affirmative defense which must be set forth affirmatively.

---

[5]All references to Collier on Bankruptcy are to the 15th edition.

4

## Summary Judgment Standard of Review

For a party to prevail on a traditional motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the standard by which we are to review a summary judgment:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston

5

[1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989).

By their first issue, Burnam and Contreras contend the trial court erred in granting Patterson's motion for summary judgment based upon her discharge in bankruptcy. Based on the record presented in this appeal, we disagree.

As grounds for her traditional motion for summary judgment, Patterson contended that her liability, if any, to Burnam and Contreras was discharged in bankruptcy and that 11 U.S.C. § 524(a)(2) barred the continuation of the lawsuit. Burnam and Contreras did not challenge Patterson's discharge in bankruptcy, but by their response to Patterson's motion, they asserted that at the time of the accident, Patterson was covered by an automobile liability policy with limits of $50,000 per person, and that Patterson and her liability insurance company were "well aware that this matter would continue forth up to the amount of the applicable policy limits notwithstanding any bankruptcy action." Then, by supplemental response, they asserted the policy provided that Patterson's bankruptcy did

6

not relieve the carrier of any liability under the policy. Without addressing the injunction per paragraph 3 of the discharge order or the injunction arising under § 524.02 by pleading, response, or objection, Burnam and Contreras concluded that Patterson's bankruptcy was "wholly irrelevant to the case."

As earlier noted, Rule 94 provides that discharge in bankruptcy is an affirmative defense. Because the order of discharge was not disputed or otherwise challenged by Burnam and Contreras, the defense was established as a matter of law.

By their brief herein, Burnam and Contreras contend the bankruptcy discharge does not preclude suit to recover from the insurer. However, because Burnam and Contreras did not present a broad form point or issue which would be effective to allow argument of all possible grounds upon which summary judgment should have been denied, *see* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970), and the contention was not expressly presented in the trial court in opposition to the motion for summary judgment, it may not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Moreover, although they were charged with notice of the bankruptcy proceeding and the automatic "stay" of litigation, Burnam and Contreras do not contend that they requested the "stay" be lifted by the bankruptcy court as allowed by 11 U.S.C. § 362(e). Further, the record does not show that Burnam and Contreras sought a modification of the injunction per § 524(e). *See* In re Jet Florida Systems, Inc., 883 F.2d 970 (11th Cir. 1989)

7

(remanding case for further proceedings in action to modify injunction following a discharge).[6]

We have not overlooked Matter of Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993), cited by Burnam and Contreras; however, *Edgeworth*, even if controlling, a question we do not decide, is not applicable based on this record. In *Edgeworth*, as in *Jet Florida*, the plaintiff sought relief from the bankruptcy court from a § 524 injunction to allow the prosecution in State court of a claim asserted to be covered by a liability insurance policy. Following denial of the relief by the lower courts, the Fifth Circuit Court held that if all costs of defense of the liability suit will be paid by the insurer and no execution will be had against the debtor personally, § 524(a) does not bar a suit against the discharged debtor as a "nominal defendant." Here, however, because the record does not show that the insurer's duty to defend and duty to indemnify have been determined by stipulation or otherwise, Patterson's protection from costs of defense and personal liability has not been demonstrated. *See* Farmers Texas County Mut. Ins. v. Griffin, 955 S.W.2d 81, 82 (Tex. 1997) (holding the duty to defend and duty to indemnify are distinct and separate duties). Further, even if no policy defenses are presented, because Burnam and Contreras expressly reserved the right to increase the damages sought by their last pleading,

_____

[6]Burnam and Contreras have not cited any Texas statute, rule of procedure or case authority authorizing the continuation of a suit in a Texas court following the defendant's discharge in bankruptcy wholly independent of any supervision or direction of the bankruptcy court.

Patterson remained exposed to liability for damages in excess of the policy limits. Accordingly, the exception in *Edgeworth* does not apply and, issue one is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H.  Reavis
Justice