**GUIDEONE INSURANCE COMPANY**

v.

**HOUSE OF YAHWEH, et al.**

Civil Action No. 4:11–CV–010–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 7, 2011.

---

David M. Pruessner, Pruessner & Colley, Jes Alexander, Fletcher, Farley, Shipman, & Salinas, L.L.P., Dallas, for GuideOne Insurance Company.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

TERRY R. MEANS, District Judge.

Before the Court is the motion for default judgment (doc. 18) filed by plaintiff GuideOne Insurance Company ("GuideOne"). After review, the Court will grant the motion.

### I. Background

This is an action for declaratory relief. GuideOne is an insurance company that from 1998 to 2007 issued a series of general-liability policies to defendant House of Yahweh ("HOY"), a religious group that maintains an isolated compound on the outskirts of Abilene, Texas. (App. 1–131; Am. Compl. ¶ 9.) In April 2010, a lawsuit was filed against HOY and two of HOY's leaders, defendants Yisrayl Hawkins and Yedidiyah Hawkins, in the 42nd Judicial District Court, Callahan County, Texas ("the underlying lawsuit"). (App. 132–36.) The underlying lawsuit asserts claims for damages against the defendants based on their alleged roles in the sexual assault of a minor. (*Id.*)

GuideOne filed the instant lawsuit on January 5, 2011, seeking a declaratory

judgment that it owes no duty to defend or indemnify the defendants with respect to the underlying lawsuit. After the defendants failed to answer or otherwise appear, the clerk entered their default on September 15, 2011 (doc. 16). By the instant motion, GuideOne now seeks a judgment based on the defendants' default.

## II. Legal Standard

■ Securing a default judgment under Federal Rule of Civil Procedure 55 is a three-step process. *See* Fed.R.Civ.P. 55; *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996). First, the movant must establish the adverse party's default by showing that the adverse party has failed to plead or otherwise defend. *See* Fed. R.Civ.P. 55(a); *N.Y. Life Ins.,* 84 F.3d at 141. Second, upon such a showing, the clerk must enter the adverse party's default. *See* Fed.R.Civ.P. 55(a); *N.Y. Life Ins.,* 84 F.3d at 141. And finally, once default has been entered, the movant may apply for a judgment based on the adverse party's default. *See* Fed.R.Civ.P. 55(b); *N.Y. Life Ins.,* 84 F.3d at 141.

■ In evaluating the merits of a motion for default judgment, the Court treats the well-pleaded facts in the movant's complaint as true. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Those allegations, along with any additional evidence presented by the movant, must be sufficient to support the requested judgment. *See id.* ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

## III. Analysis

As previously noted, the record establishes that the defendants are in default and that the clerk has entered their default in accordance with Rule 55(a). *See* Fed.R.Civ.P. 55(a). Thus, the inquiry before the Court is whether GuideOne's well-pleaded allegations and supporting evidence are sufficient to support its requested judgment: a declaration that it owes no duty to defend or indemnify the defendants with respect to the underlying lawsuit.

### A. Duty to Defend

■ Under Texas law, when deciding whether an insurer owes a duty to defend, courts apply the "eight-corners" rule. *Potomac Ins. Co. v. Jayhawk Med. Acceptance Corp.,* 198 F.3d 548, 551 (5th Cir. 2000). This rule requires a court to decide the duty-to-defend question based "solely [on] the allegations in the most recent underlying petition and the language of the insurance policy." *Century Sur. Co. v. Hardscape Constr. Specialties, Inc.,* No. 4:05–CV–285–Y, 2006 WL 1948063, at *3 (N.D.Tex. July 13, 2006) (quoting *Harken Exploration Co. v. Sphere Drake Ins. PLC,* 261 F.3d 466, 471 (5th Cir.2001) (internal quotation marks omitted)). It is "[t]he insured [who] bears the burden of showing that the claim against it is potentially within the insurance policy's scope of coverage." *Id.* (citing *Harken,* 261 F.3d at 471). However, "[i]f the insurer relies on the policy's exclusions to deny coverage, the burden shifts to the insurer." *Id.* (citing *Harken,* 261 F.3d at 471).

■ After review, the Court concludes that GuideOne owes no duty to defend the defendants in the underlying lawsuit. First, the defendants' actions, as alleged in the underlying lawsuit, are outside the scope of the policies' coverage. Each of the policies indicates that its coverage extends to bodily injury or property damage caused by an "occurrence." (App. 19, 59,

110.) And under the policies, an occurrence is "an accident, including continuous or reported exposure to substantially the same general harmful conditions." (App. 34.) Although the allegations in the underlying lawsuit are less than precise, it is evident that the conduct of the defendants is alleged to have been intentional.[1] (App. 132–36.) This places the defendants' conduct outside the reach of the policies' coverage.

Second, even assuming the defendants' alleged actions were covered under the policies, GuideOne nevertheless owes no duty to defend the defendants because the acts complained of in the underlying lawsuit are subject to the policies' intentional-acts and sexual-abuse exclusions. With regard to the former, each of the policies provides that HOY's "insurance does not apply to ... bodily injury or property damage expected or intended from the standpoint of the insured." (App. 19, 59, 110.) With regard to the latter, each of the policies states:

This insurance does not apply to "bodily injury," "property damage," "advertising injury," or "personal injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody, or control of any insured, or

2. The negligent:
   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting; or
   e. Retention[ ]
   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1 above.

(App. 16, 56, 108.) The defendants' actions, as alleged in the underlying petition, are unequivocally within the purview of these exclusions.

Therefore, because the defendants' alleged actions fall outside the scope of the policies' coverage and within the scope of their exclusions, GuideOne owes no duty to defend the defendants in the underlying lawsuit.

## B. Duty to Indemnify

■■■ "The duty to indemnify is a distinct and separate duty from the duty to defend." *Roman Catholic Diocese of Dallas v. Interstate Fire & Cas. Co.*, 133 S.W.3d 887, 890 (Tex.App.-Dallas 2004, pet. denied) (citing *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex.2002)). Where liability against the insured has not yet been established in the underlying case, "the insurer can resolve the indemnity issue ... by proving coverage is impossible in the underlying case." *Id.* (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997)) (per curiam). For the reasons mentioned in connection with its duty-to-defend analysis, the Court concludes that GuideOne has

---

1. The petition in the underlying lawsuit states that "Defendants knowingly, intentionally, recklessly, and negligently engaged in conduct violative of section 22.021 of the Texas Penal Code (Aggravated Sexual Assault of a Child)." (App. 134.) But a person cannot negligently commit aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West 2011). This crime, by definition, requires intentional conduct. *Id.*

And aside from the aforementioned statement, the petition in the underlying lawsuit is devoid of any factual allegations of negligence. Instead, the underlying petition alleges only intentional and reckless activity on the part of the defendants. (App. 132–136.) In light of this, the defendants' alleged actions do not constitute an "occurrence," within the meaning of the policies. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex.1997) (per curium) ("A court must focus on the factual allegations rather than the legal theories asserted in reviewing the underlying petition.").

proven that coverage is impossible in the underlying case. Moreover, the Court notes that the party seeking indemnity bears the burden to prove coverage, and the defendants have not so much as appeared in this case. *See Utica Nat'l Ins. Co. of Tex. v. Am. Indemnity Co.*, 141 S.W.3d 198, 203 (Tex.2004).

IV. Conclusion

Based on the foregoing, the Court concludes that GuideOne owes no duty to defend or indemnify the defendants with respect to the underlying lawsuit. Accordingly, GuideOne's motion is GRANTED.