# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

No. 12-10317
Summary Calendar

Lyle W. Cayce
Clerk

CSA NUTRACEUTICALS GP, L.L.C., a Texas limited liability company, formerly known as CSA Nutraceuticals, L.L.C.; CSA NUTRACEUTICALS, L.P., a Texas limited liability partnership

Plaintiffs - Appellants Cross-Appellees

v.

CHUBB CUSTOM INSURANCE COMPANY

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Northern District of Texas
3:10-CV-2155

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

For the reasons explained by the district court, we find that Chubb Custom Insurance Company ("Chubb") had no duty to defend CSA Nutraceuticals GP, L.L.C., and CSA Nutraceuticals, L.P., (collectively "CSAN") in the California state court lawsuit ("the underlying suit") because the complaints filed in the underlying suit did not even potentially seek recovery for "bodily injury." The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaints in the underlying suit clearly and unequivocally allege that consumers were induced to purchase ineffective weight loss products by false and fraudulent misrepresentations. However, the complaints do not include a single factual allegation suggesting that any consumer has ever been physically harmed by the weight loss products. As the district court observed: "Failing to achieve weight reduction means the body basically did not change. It does not mean that the body was injured." R. 1730. Although, as CSAN notes, relief based on bodily injury was available under the statutes relied upon in the complaints, this is irrelevant – the focus is on the factual allegations of a complaint. *See, e.g., Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). Furthermore, *Zurich American Insurance Co. v. Nokia, Inc.*, 268 S.W.3d 487 (Tex. 2008), on which CSAN relies heavily, is plainly inapposite. In that case, the plaintiffs in an underlying suit sought recovery based on "biological injury" and specifically described the ways in which their bodies had allegedly been injured. Here, the plaintiffs in the underlying case alleged that they were financially harmed by purchasing an ineffective product.

The judgment of the district court is AFFIRMED. Because we affirm the district court's judgment on the ground explained above, we need not reach the issues presented in Chubb's cross-appeal.