# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2021

Lyle W. Cayce
Clerk

No. 20-40588

Kinsale Insurance Company,

*Plaintiff—Appellee*,

*versus*

McBride Operating L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-413

Before Smith, Stewart, and Willett, *Circuit Judges*.
Per Curiam:*

For the reasons given by the district court, we AFFIRM. Specifically, in Appellant McBride's state-court suit against ETOPSI (not a party here), McBride claims that ETOPSI defectively designed and built a well. Policy exclusion j(5) excludes coverage for "'[p]roperty damage' to[] . . . [t]hat particular part of real property on which you or any contractors or

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40588

subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[] . . . ." Here, the well's defects, which prevented it from working as intended, arose from ETOPSI's operations—how it designed and oversaw construction of the well. This falls within the policy's j(5) exclusion. Given this conclusion that an exclusion to coverage applies, we do not reach the issues related to coverage in the first instance. *See Cook v. Admiral Ins. Co.*, 438 F. App'x 313, 317 (5th Cir. 2011) (declining to decide whether "property damage" occurred for purposes of coverage and proceeding to decide the case based on an exclusion). And for the "same reasons" that Kinsale has no duty to defend, it has no duty to indemnify. *See id.* at 320; *accord Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (quoting *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)).

We AFFIRM the district court's summary judgment in favor of Kinsale.