**AFFIRM; Opinion Filed April 29, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00472-CV**

**IN RE THE COMMITMENT OF LENNON RAY GREEN**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV22-70004-V**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Kennedy

A jury found Lennon Ray Green is a sexually violent predator, and the trial court entered judgment civilly committing him pursuant to Texas Health and Safety Code Chapter 841, known as the Texas Civil Commitment of Sexually Violent Predators Act (the "Act"). TEX. HEALTH & SAFETY CODE §§ 841.001–.153. In a suit to commit a person as a sexually violent predator, the State must prove beyond a reasonable doubt that the person (i) is a "repeat sexually violent offender" and (ii) "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *In re Commitment of Hill*, 621 S.W.3d 336, 339 (Tex. App.—Dallas 2021, no pet.) (quoting HEALTH & SAFETY §§ 841.003(a),

841.062(a)). In his sole issue, Green contends that, under Texas Supreme Court case law, the "behavioral abnormality" element of Section 841.003 is conclusively established as a matter of law once the State proves the "repeat sexually violent offender" element. Green generally prays that we "grant him any and all relief that the facts and the law require and any other relief [we] may deem appropriate" and more explicitly requests that we "hand down an opinion deciding that this appeal cannot present reversible error" based on the supreme court's decisions in *In re Commitment of Bohannan*, 388 S.W.3d 296 (Tex. 2012), and *In re Commitment of Stoddard*, 619 S.W.3d 665 (Tex. 2020). We affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

In 1994, Green pleaded guilty in three cases to having committed the offense of aggravated sexual assault with a deadly weapon against three different women and was sentenced in each case to forty year's confinement in the institutional division of the Texas Department of Criminal Justice.

In September 2022, the State filed a petition, alleging Green is a sexually violent predator and requested that he be committed for treatment and supervision pursuant to Title 11, Chapter 841, of the Texas Health and Safety Code. The petition further alleged that Green's participation in the state's Sex Offender Treatment Program was pending, which could result in Green's release on parole prior to his

sentences discharge date of September 5, 2033.[1]  The civil commitment case proceeded to trial before a jury, which took place in February 2023.

At trial, Dr. Christine Reed, Ph. D., Green, and defense expert Dr. Marisa Mauro, Psy. D. testified.  The experts' curricula vitae and evidence of Green's three 1994 convictions were admitted into evidence.  Dr. Reed testified regarding her education and her experience in forensic psychology practice, specifically evaluations of competency and sanity and forensic assessments.  She evaluated Green to assess whether he had a behavioral abnormality and testified as to her evaluation of him.  She testified that, as part of her evaluation and before meeting Green, she reviewed his offense records, prison records about disciplinary issues, and records from his participation in the sex offender treatment program.  Dr. Reed met with Green via video conferencing for approximately three and one half hours.  After meeting with him, she also received and reviewed transcripts of Green's and Dr. Mauro's depositions that were taken as part of the case.  Dr. Reed testified that she found Green has a behavioral abnormality that makes him likely to commit predatory acts of sexual violence.

The jury found beyond a reasonable doubt that Green is a sexually violent predator.  The trial court entered judgment in accordance with the jury's finding and

---

[1] The Texas Department of Criminal Justice begins the commitment procedure by notifying "an established multidisciplinary team of the anticipated release date of a person who is serving a sentence for a sexually violent offense and 'may be a repeat sexually violent offender.'" *In re Commitment of Stoddard*, 619 S.W.3d 665, 669 (Tex. 2020) (quoting HEALTH & SAFETY § 841.021(a)).

ordered Green civilly committed in accordance with Section 841.081 of the Texas Health and Safety Code for treatment and supervision to commence upon his release from prison. Green filed a motion for new trial, urging the trial court erred by allowing the State, through Dr. Reed, to present hearsay testimony that was more prejudicial than probative and that the evidence was legally and factually insufficient to support the jury's finding. This appeal followed.

## DISCUSSION

Section 841.003 provides two elements that the State must prove beyond a reasonable doubt for a factfinder to conclude that a person is a sexually violent predator. HEALTH & SAFETY § 841.003(a); *Stoddard*, 619 S.W.3d at 669. Green concedes that the State proved the first element of its case—that he is a repeat sexually violent offender—as a matter of law. Further, Green does not contest the jury's finding on, or the State's evidence tending to prove, the second element of its case—that he suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Instead, Green's contention on appeal is that, under the supreme court's *Stoddard* and *Bohannan* opinions, the behavioral abnormality element of Section 841.003(a) is conclusively established once the State proves the repeat offender element, and "there are no issues that can be raised on

appeal that would result in reversible error . . . when personal and subject-matter jurisdiction are also established."[2]

The State responds that Green does not challenge the trial court's judgment or the constitutionality of the statute; that his arguments on the definition of "behavioral abnormality" were not made in the trial court; and, requests that we overrule Green's single issue and affirm the judgment of the trial court. Green does not dispute that the trial court had personal and subject-matter jurisdiction over this case under Section 841.041(b)(1) of the Texas Health and Safety Code requiring that the State's civil-commitment petition be "filed in a district court in the county of the person's most recent conviction for a sexually violent offense." *See* HEALTH & SAFETY § 841.041(b)(1).

We note that Green's requested relief that we "hand down an opinion deciding that this appeal cannot present reversible error" based on the supreme court's *Stoddard* and *Bohannan* opinions does not seek reversal or vacatur of the trial court's judgment and instead appears to seek an improper advisory opinion. *See* 619 S.W.3d at 665; 388 S.W.3d at 296. "Under the separation-of-powers doctrine, courts are

---

[2] Green reasons that the supreme court in *Bohannan* decided that certain terms and clauses that relate to the behavioral abnormality element and definition "mean the same thing." *See Bohannan*, 388 S.W.3d at 302–03. Thereafter, the supreme court in *Stoddard* stated that the behavioral abnormality element is "a present condition that creates a likelihood of [sexually violent] conduct in the future." *Stoddard*, 619 S.W.3d at 678. This statement in *Stoddard*, according to Green, effectively means that the State only has to prove a "likelihood of sexually reoffending" to prove the behavioral abnormality element as a matter of law, and that a repeat offender "will always have at least some 'likelihood' of sexually reoffending."

We note, without comment on the merits of same, that Green's arguments are similar, if not identical, to those discussed and rejected in a decision from a sister court of appeal, *In re Commitment of Ballard*, No. 11-23-00191-CV, 2024 WL 479360, at *4 (Tex. App.—Eastland Feb. 8, 2024, no pet.) (mem. op.).

prohibited from issuing advisory opinions, because doing so invades the function of the executive rather than judicial department." *See Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 700 (Tex. 2021)") (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (citing TEX. CONST. art. II, § 1)); *see also Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442–43 (Tex. 1998) (noting prohibition on advisory opinions as stemming from the separation of powers doctrine) (citing TEX. CONST. art. II, § 1 (separation of powers), art. IV, §§ 1, 22 (attorney general is part of the executive department, and is empowered to issue advisory opinions to the governor and other officials), art. V, § 8 (district court jurisdiction); *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (reviewing justiciability principles in light of 1985 constitutional amendment to district court jurisdiction); *Tex. Ass'n of Bus.*, 852 S.W.2d at 444 (explaining that "we have construed our separation of powers article to prohibit courts from issuing advisory opinions because such is the function of the executive rather than the judicial department"); *Morrow v. Corbin*, 62 S.W.2d 641, 646 (Tex. 1933) (explaining that under the constitution, appellate court jurisdiction does not extend to issuing advisory opinions)).[3]

---

[3] Additionally, our rules of appellate procedure provide the standard for reversible error:

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1) probably caused the rendition of an improper judgment; or

Despite that Green does not explicitly assert any violation of his legal rights, his arguments could be construed to allege that that the supreme court's *Bohannan* and *Stoddard* opinions have the effect of eliminating one of the two statutory elements in violation of his right to due process. *See In re Commitment of Tryon*, 654 S.W.3d 29, 37 (Tex. App.—Eastland 2022, pet. denied). "The United States Supreme Court has held that civil commitment statutes, like the Act, do not violate a person's due process rights under the United States Constitution if the challenged statute requires proof of at least two elements: 'proof of dangerousness' and 'proof of some additional factor such as a "mental illness" or "mental abnormality."'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997); *see also Kansas v. Crane*, 534 U.S. 407, 410–14 (2002)). However, "[e]ven constitutional claims such as due process can be waived if not raised in the trial court," and Green did not make any constitutional complaint in the trial court. *See Woodrum v. Wal-Mart Stores Tex., LLC*, No. 05-22-00561-CV, 2023 WL 3493318, at *3 (Tex. App.—Dallas May 17, 2023, no pet.) (mem. op.) (citing TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003))). Therefore, even construing his issue to allege a violation of his constitutional right to due process, we conclude Green has failed to preserve the issue for our review. *See id.*

---

(2) probably prevented the appellant from properly presenting the case to the court of appeals.

TEX. R. APP. P. 44.1(a). Green's appellate brief does not urge any error on the part of the trial court, and thus we question whether he presents any reversible error for our review. *See id.*

–7–

Accordingly, we overrule Green's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy E. Kennedy/

230472f.p05                NANCY KENNEDY
JUSTICE

# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE: THE COMMITMENT OF
LENNON RAY GREEN, Appellant

No. 05-23-00472-CV

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. CV22-70004-
V.
Opinion delivered by Justice
Kennedy. Justices Garcia and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of April 2024.