**GRIMES CONSTRUCTION, INC., Petitioner,**

v.

**GREAT AMERICAN LLOYDS INSURANCE COMPANY, Respondent.**

No. 06–0332.

Supreme Court of Texas.

Feb. 29, 2008.

Carl J. Wilkerson, The Bush Firm, Todd A. Haba, Bush & Motes, P.C., Arlington TX, for Petitioner.

Christopher Lee Burke, The Burke Law Firm, San Antonio Richard P. Hogan Jr., Jennifer Bruch Hogan, Matthew E. Coveler, Hogan & Hogan, L.L.P., Houston TX, for Respondent.

PER CURIAM.

This declaratory judgment action concerns the duty to defend and indemnify under a commercial general liability (CGL) policy. The appeal presents issues similar to those decided in *Lamar Homes, Inc. v. Mid–Continent Casualty Co.,* 242 S.W.3d 1 (Tex.2007).

The CGL's insuring agreement provides coverage for "property damage" caused by an "occurrence." Property damage is defined as "physical injury to tangible property," and an occurrence is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 6. In *Lamar Homes,* we were asked whether an insurer under a CGL policy had a duty to defend its insured, a homebuilder, against allega-

tions that the builder's defective workmanship caused physical damage to parts of the home. *Id.* at 4. We concluded that allegations of unintended construction defects might constitute an "accident" or "occurrence" under the CGL policy and that allegations of damage to or loss of use of the home itself might also constitute "property damage" sufficient to trigger the duty to defend under the policy. *Id.*

The trial court here rendered summary judgment for the insurer, concluding that the homebuilder's CGL policy did not protect the builder from property damage claims involving its own work. The court of appeals affirmed, concluding among other things, that defective work was a contract claim outside the scope of the CGL's insuring agreement. 188 S.W.3d 805, 812–15. We rejected similar arguments in *Lamar Homes*, concluding that labels of tort or contract could not override the language of the insuring agreement. 242 S.W.3d at 13. Because the court of appeals' decision here conflicts with our analysis in *Lamar Homes*, we reverse its judgment and, without hearing oral argument, we remand the case to the trial court for further proceedings consistent with this opinion. TEX.R.APP. P. 59.1.