**D.R. HORTON–TEXAS, LTD., Petitioner,**

v.

**MARKEL INTERNATIONAL INSURANCE COMPANY, LTD., Respondent.**

No. 06–1018.

Supreme Court of Texas.

Argued Sept. 8, 2009.

Decided Dec. 11, 2009.

Rehearing Denied Feb. 12, 2010.

Robert B. Gilbreath, Hawkins, Parnell & Thackston, LLP, Dallas, TX, Brandy M. Wingate, Mission, TX, Maurice Bresenhan Jr., Pascal Paul Piazza, Zukowski, Bresenhan & Sinex, L.L.P., Houston, TX, Blake S. Evans, Stephen Wayne Burnett, Schubert & Evans, P.C., Dallas, TX, for Petitioner.

James M. Tompkins, Leslie Dean Pickett, James Terry Bailey, Galloway Johnson Tompkins Burr & Smith, Todd Frederick Newman, Irelan & Hargis PLLC, Houston, TX, for Respondent.

Robert A. Shults, McFall, Breitbeil & Shults, P.C., Jacob Allen Deleon, McFall, Sherwood & Breitbeil, Houston, TX, for other interested party Sphere Drake Insurance, Ltd.

Lee H. Shidlofsky, Visser Shidlofsky LLP, Austin TX, for Amici Curiae Texas Association of Builders and Associated General Contractors of America.

Justice WAINWRIGHT delivered the opinion of the Court.

In this dispute, a general contractor, as an additional insured on its subcontractor's commercial general liability (CGL) insurance policy, seeks a defense and coverage from the CGL insurer for alleged construction defects. The insurer claims that it has no duty, under the eight-corners doctrine, to provide a defense because the homeowners' petition in the underlying liability action did not implicate the insured, the subcontractor that performed the allegedly defective work. Further, because it has no duty to provide a defense, it claims it has no duty to indemnify the general contractor as well. We hold that the duty to indemnify is not dependent on the duty to defend and that an insurer may have a duty to indemnify its insured even if the duty to defend never arises. In determining coverage, a matter dependent on the facts and circumstances of the alleged injury-causing event, parties may introduce evidence during coverage litigation to establish or refute the duty to indemnify. We accordingly reverse the court of appeals' judgment in part and affirm in part and remand to the trial court for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James and Cicely Holmes purchased a house built by D.R. Horton–Texas Ltd. The Holmeses claim that, soon after moving in, they discovered that mold had infested their home, and they sued D.R. Horton for remedial costs. They alleged that latent defects in the chimney, roof, vent pipes, windows, window frames, and flashing around the roof and chimney allowed water to enter the house, eventually causing mold damage. Their petition only identified D.R. Horton as responsible for the defects and negligent attempts to repair them. D.R. Horton claims that one of its subcontractors, Rosendo Ramirez, performed masonry work on the home as well as some of the repairs contributing to the alleged defects. He was neither sued in the lawsuit nor implicated by the pleadings.

Ramirez obtained a CGL policy from Markel International Insurance Company, Ltd. that named D.R. Horton as an additional insured entitled to coverage for claims against it arising from Ramirez's work. After the Holmeses sued D.R. Horton, D.R. Horton sought coverage from Markel. Markel refused to defend D.R. Horton because the underlying plaintiffs' petition did not plead facts indicating that Ramirez's work was defective and, therefore, did not invoke coverage under Ramirez's CGL policy for D.R. Horton. D.R. Horton obtained counsel at its own expense for the Holmeses' lawsuit and settled with the Holmeses during voir dire.

D.R. Horton sued Markel for reimbursement of defense costs and the settlement payment.[1] Markel moved for summary judgment, arguing it had no duty to defend D.R. Horton in the underlying litigation because the Holmeses' petition did not

contain allegations triggering coverage. D.R. Horton responded to the motion by arguing that, although the eight-corners doctrine may limit Markel's duty to defend and indemnify D.R. Horton, the Holmeses' pleadings should be liberally construed in favor of a defense and coverage. It attached evidence to its response including affidavits, inspection reports, Ramirez's contract with D.R. Horton, Ramirez's insurance contracts and policies, depositions from the Holmeses' case, and mold investigation reports. Markel objected to some of the evidence D.R. Horton offered. The trial court overruled Markel's objections to the evidence, but granted summary judgment in Markel's favor on both grounds. The court of appeals affirmed the trial court's ruling that Markel did not owe D.R. Horton a duty to defend or indemnify it against the claims brought by the Holmeses. It further explained that the eight-corners doctrine precluded D.R. Horton's claim that Markel owed it a duty to defend because there were no allegations on the face of the Holmeses' petition that implicated Ramirez's work. The court of appeals reasoned that because Markel had no duty to defend, it also had no duty to indemnify D.R. Horton. *See* 300 S.W.3d 773 (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997)). D.R. Horton appeals to this Court, challenging the court of appeals' judgment on Markel's duty to defend and duty to indemnify it against the Holmeses' lawsuit.

## II. PRESERVATION

■ D.R. Horton argues that the court of appeals erred by not recognizing an exception to the eight-corners doctrine, also known as the complaint allegation

---

1. D.R. Horton also sued Sphere Drake Insurance, Ltd., seeking coverage for the Holmes- es' claims, but Sphere Drake is not a party to this appeal.

rule, to allow parties to introduce extrinsic evidence relating to coverage-only facts in the duty to defend analysis. Markel argues that D.R. Horton waived this issue, and we agree.

We do not decide D.R. Horton's argument for this Court to recognize an exception to the eight-corners doctrine because it did not raise this argument in the trial court or in the court of appeals until its second motion for rehearing, after our opinion issued in *GuideOne Elite Insurance Co. v. Fielder Road Baptist Church,* 197 S.W.3d 305 (Tex.2006).

■ In summary judgment practice, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c); *see also* TEX.R.APP. P. 33.1(a)(1) (requiring that the record show that a claim was raised in the trial court in order to present it for appellate review); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993) (explaining that summary judgment motions and responses, or answers to those motions, must stand or fall on the grounds expressly presented to the trial court). A non-movant must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677–79 (Tex.1979); *see also James v. Brown,* 637 S.W.2d 914, 917 (Tex.1982).

D.R. Horton, in its response to Markel's summary judgment motion, argued that the eight-corners doctrine governs the analysis and that the Holmeses' petition should be liberally construed. Arguing for a liberal construction of the plaintiff's pleadings is not equivalent to challenging

the eight-corners doctrine or to requesting an exception to it. *See* TEX.R. CIV. P. 166a(c). Therefore, we do not disturb the court of appeals' judgment on the duty to defend and only address D.R. Horton's second issue: Whether the court of appeals erred in affirming the trial court's grant of Markel's motion for summary judgment on the duty to indemnify, even though D.R. Horton submitted evidence with its summary judgment response that raised fact questions as to whether Markel had an independent duty to provide coverage for D.R. Horton under Ramirez's CGL policy. We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005).

## III. DISCUSSION—DUTY TO INDEMNIFY

■ "In liability insurance policies generally, an insurer assumes both the duty to indemnify the insured, that is, to pay all covered claims and judgments against an insured, and the duty to defend any lawsuit brought against the insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false or fraudulent," subject to the terms of the policy. 14 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 200:3 (3d ed.2009); *see also Zurich Am. Ins. Co. v. Nokia, Inc.,* 268 S.W.3d 487, 490 (Tex.2008). However, the duty to defend and the duty to indemnify "are distinct and separate duties." *Utica Nat'l Ins. Co. v. Am. Indem. Co.,* 141 S.W.3d 198, 203 (Tex.2004) (quoting *King v. Dallas Fire Ins. Co.,* 85 S.W.3d 185, 187 (Tex.2002)). We noted in *Farmers Texas County Mutual Insurance Co. v. Griffin* that one duty may exist without the other. 955 S.W.2d at 82. To that extent, the duties enjoy a degree of independence

from each other.[2] *See Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 821–22 (Tex.1997).

 While analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine, it is well settled that the "facts actually established in the underlying suit control the duty to indemnify." *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.,* 279 S.W.3d 650, 656 (Tex.2009); *GuideOne,* 197 S.W.3d at 310; *Cowan,* 945 S.W.2d at 821. As with any other contract, breach or compliance with the terms of an insurance policy is determined not by pleadings, but by proof. *See, e.g., Progressive County Mut. Ins. Co. v. Sink,* 107 S.W.3d 547, 551 (Tex.2003); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex.2003); *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995). The duty to defend, however, is established according to the eight-corners doctrine, considering only the factual allegations in the pleadings and the terms of the policy. *Pine Oak,* 279 S.W.3d at 654; *Cowan,* 945 S.W.2d at 821.

The insurer's duty to indemnify depends on the facts proven and whether the damages caused by the actions or omissions proven are covered by the terms of the policy. Evidence is usually necessary in the coverage litigation to establish or refute an insurer's duty to indemnify. This is especially true when the underlying liability dispute is resolved before a trial on the merits and there was no opportunity to develop the evidence, as in this case. We hold that even if Markel has no duty to defend D.R. Horton, it may still have a duty to indemnify D.R. Horton as an additional insured under Ramirez's CGL insurance policy. That determination hinges on the facts established and the terms and conditions of the CGL policy.[3]

 Markel reasons that if the terms of the policy, when read in light of the allegations asserted in the petition, do not give rise to a duty to defend, then proof of all of those allegations could not give rise to a duty to indemnify. It relies on *Griffin* for this proposition,[4] but the holding in *Griffin* was fact-specific and cannot be construed so broadly. *See* 955 S.W.2d at 84. In *Griffin,* the issue was whether facts developed in the underlying tort suit for injuries

---

2. *Couch on Insurance* explains the distinction in this manner:

> The distinction between the duty to defend and the duty to indemnify is based upon the time when the duties are determined. The duty to defend arises prior to the completion of litigation, and therefore insurers are required to meet their defense obligation before the scope of the insured's liability has been determined. In contrast, the duty to indemnify arises only once liability has been conclusively determined. In other words, because the duty to defend arises whenever an insurer ascertains facts that give rise to the possibility or the potential of liability to indemnify, the duty to defend must be assessed at the very outset of a case, unlike the duty to indemnify, which arises only when the insured's underlying liability is established.

14 Couch on Insurance § 200:3.

3. Federal courts have predicted this outcome under Texas law. *See Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.,* 532 F.3d 398, 404 (5th Cir.2008); *Swicegood v. Med. Prot. Co.,* No. Civ.A.3:95–CV–0335–D, 2003 WL 22234928, at *14 (N.D.Tex. Sept. 19, 2003).

4. Several authorities have mistakenly cited *Griffin* for this proposition. *See, e.g., Reser v. State Farm Fire & Cas. Co.,* 981 S.W.2d 260, 263 (Tex.App.-San Antonio 1998, no pet.); *see also* 14 Couch on Insurance § 200:3 (citing *Grimes Constr., Inc. v. Great Am. Lloyds Ins. Co.,* 188 S.W.3d 805, 818 (Tex.App.-Fort Worth 2006) ("The duty to defend is thus broader than the duty to indemnify; if an insurer has no duty to defend, it has no duty to indemnify."), *rev'd on other grounds,* 248 S.W.3d 171 (Tex.2008)).

caused by a drive-by shooting could form the basis for coverage under an automobile insurance policy. *Id.* We explained in that case that no "facts can be developed in the underlying tort suit that can transform a drive-by shooting into an 'auto accident.' " *Id.* In that scenario, "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify." *Id.* This conclusion was grounded on the impossibility that the drive-by shooting in that case could be transformed by proof of any conceivable set of facts into an auto accident covered by the insurance policy. It was not based on a rationale that if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition. These duties are independent, and the existence of one does not necessarily depend on the existence or proof of the other.

In *Griffin*, in fact, we recognized that it may be necessary to defer resolution of indemnity issues until after the underlying third-party litigation is resolved because coverage may turn on facts actually proven in the underlying lawsuit. *See id.; see also GuideOne*, 197 S.W.3d at 310 (explaining that "the facts actually established in the underlying suit control the duty to indemnify"); *Utica*, 141 S.W.3d at 204–05 (affirming an insurer's duty to defend, but reversing and remanding on the duty to indemnify issue because whether indemnification under the policy was triggered required a "factual resolution"); *Cowan*, 945 S.W.2d at 821 (explaining that the "the duty to indemnify is triggered by the actual facts establishing liability in the underlying suit").

In this case, unlike *Griffin*, D.R. Horton presented evidence with its response to Markel's summary judgment motion that showed Ramirez was a subcontractor for D.R. Horton for the home, Ramirez performed masonry work and repairs allegedly contributing to the defects, and Markel's CGL policy for Ramirez named D.R. Horton as an additional insured. This evidence raises fact questions that defeat Markel's motion for summary judgment in this case on the duty to indemnify claim. Of course, other terms, conditions, exclusions, or exceptions in the policy or other proof may establish or refute, before or during trial, the existence of CGL coverage for D.R. Horton. The insurer and the putative insured may introduce evidence in coverage litigation to establish or refute the insurer's duty to indemnify. Where disputed facts are proven in the liability case, whether none, some, or most of the material coverage facts will have been established in that underlying suit depends on the circumstances of the case and other legal and equitable principles.

## IV. CONCLUSION

We affirm the court of appeals' judgment on the duty to defend, for different reasons, and reverse the court of appeals' judgment on the duty to indemnify. Accordingly, we remand the duty to indemnify issue to the trial court for proceedings consistent with this opinion.

Justice GUZMAN did not participate in this decision.