# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2012

No. 11-20402
Summary Calendar

Lyle W. Cayce
Clerk

KRISTIN WILKINSON,

Plaintiff–Appellant

v.

STATE FARM LLOYDS,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1200

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

In this case, Plaintiff–Appellant Kristin Wilkinson seeks to collect from Defendant–Appellee State Farm Lloyds ("State Farm") based on State Farm's duty to indemnify its insured, Wallie Reid Williamson. Wilkinson was the attorney for the Madison family in a Texas state court suit, in which the jury found Williamson negligent for having molested Megan Madison.[1] The jury

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Both the Madison family name and the given name Megan are litigation pseudonyms.

awarded the Madisons approximately $4.75 million. Wilkinson, as assignee of the right, title, and interest of Williamson and of judgment creditors of Williamson, then sued State Farm for its alleged failure to indemnify Williamson, seeking to use the negligence judgment as offensive collateral estoppel against State Farm.

The relevant portions of Williamson's State Farm policy ("the Policy") state:

> If a claim is made or a suit is brought against an insured [Williamson] for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we [State Farm] will:
> 1. Pay up to our limit of liability for the damages for which the insured is legally liable. Damages include pre-judgment interest awarded against the insured; and
> 2. Provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

The Policy defines "bodily injury" as meaning "bodily harm, sickness or disease. This includes required care, loss of services and death that results." It defines "occurrence" as "an accident, including exposure to conditions, which results in bodily injury or property damage during the policy period." The "Exclusions" section of the Policy states: "Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to . . . [b]odily injury or property damage which is caused intentionally by or at the direction of the insured."

The district court granted summary judgment for State Farm. It held that molestation could not be covered under the Policy as it is an intentional act. The second basis that Wilkinson argued that justified indemnity was Williamson's "street driving." As a part of Williamson's *nolo contendere* plea in his associated criminal case, Williamson was not allowed to drive on Megan's street, but he did so often in order to get to his former house on the same street. The district court

held that "street driving" was also not covered by the Policy because it was (1) intentional and (2) did not cause "bodily injury," only psychoemotional injury. On appeal, Wilkinson is only arguing that the decision with respect to the "street driving" was erroneous.

We review a district court's grant of summary judgment de novo, taking the facts in the light most favorable to the non-movant. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011). We can affirm a district court's grant of summary judgment on any basis established by the record. *Id.* at 130. Under Texas law, "the duty to indemnify is determined from the actual underlying facts which result in liability of the insured." *J.E.M. v. Fidelity & Cas. Co. of N.Y.*, 928 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1996, no writ); *see also D.R. Horton-Tex., Ltd. v. Market Int'l Ins. Co., Ltd.*, 300 S.W. 740, 743 (Tex. 2009). In interpreting insurance policies, Texas courts give the terms used "their plain, ordinary meaning unless the policy itself shows that the parties intended the terms to have a different, technical meaning." *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001) (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984)). When a term is defined in the policy, that definition controls. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 219 (Tex. 2003).

The Policy states that it only covers damages caused by "an occurrence," which it defines as "an accident." The plain meaning of the term "accident" does not encompass Williamson's conduct here. Texas caselaw confirms this. "An accident is generally understood to be a fortuitous, unexpected and unintended event," occurring "as the culmination of forces working without design, coordination, or plan." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007) (citations and internal quotation marks omitted). The record reveals that Williamson deliberately chose to drive down the street past Megan's house. A deliberate act can be an accident if the effect is unexpected.

No. 11-20402

*Id.* at 8.  Harm to a molester's victim when he deliberately chooses to be present in a place where he has agreed, by the terms of his plea, not to be is "the natural and expected result . . . that is, [harm to Megan] was highly probable whether the insured was negligent or not." *Id.* at 9.  This was not "an accident" and therefore, was not "an occurrence."  Thus, Williamson was not covered, and Wilkinson cannot collect.  Summary judgment was appropriately granted.

AFFIRMED.