

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00098-CV

EMILIO ADAME AND KATHY ADAME, APPELLANTS

V.

VISTA BANK, APPELLEE

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2012-568,283, Honorable Judy Parker, Presiding

November 10, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Emilio and Kathy Adame, proceeding *pro se*, appeal the trial court's summary judgment in favor of Vista Bank. The Adames present several issues on appeal from the judgment awarding Vista Bank $99,309.08 as damages, interest, and fees relating to its claim for a deficiency on a secured transaction. We will affirm.

Factual and Procedural History

Since 2001, the Adames had owned and operated a limousine service business called D'Elegance Limousine Service. In 2010 and in furtherance of their business objectives, the Adames entered into loan agreements with Vista Bank. Securing the promissory notes were several limousines. More specifically, the Adames borrowed $75,550 in loan number 60248 and $48,691.24 in loan number 60276. When the Adames failed to make payments on the loans, several of the vehicles serving as collateral were sold for a total of $26,945.00 and the proceeds of the sales were applied to the balance of loan 60248.

Alleging that the Adames defaulted on loan numbers 60248 and 60276 and that all other conditions precedent to suit have been met, Vista Bank sued the Adames for the deficiency remaining on the loans. The Adames filed a general denial. Vista Bank moved for summary judgment, and the Adames responded, though they did so untimely. The trial court did not expressly permit the Adames' late response, and it ultimately granted summary judgment in favor of the bank on the deficiency.

The Adames raise a number of issues on appeal, one of which challenges Vista Bank's summary judgment evidence relating to the status of the loans following a ninety-day extension agreement. In their second issue, they challenge the credibility of statements made in an affidavit in support of the bank's motion for summary judgment. In their third issue, the Adames point to the bank's act of permitting its representative, Shay Wallace, to continue to deal with the Adames despite the fact that Wallace was being investigated by the FDIC and was later formally prohibited from, *inter alia*,

participating in the conduct of certain enumerated affairs of any financial institution or organization. The Adames' fourth issue raises the bank's failure to attend and its subsequent failure to reschedule mediation. Finally, the Adames assert that Vista Bank's sale of the collateral securing the two promissory notes was not commercially reasonable.

Analysis

Ninety-day Extension; Credibility of Affidavit

The Adames raise two issues relating to the existence of a ninety-day extension agreement entered into by the Adames and Vista Bank. In their first issue, they maintain that, in light of the extension agreement, Vista Bank failed to prove that one of the loans was in default, and, in their second issue, the Adames attack the credibility of an affidavit in support of the bank's motion for summary judgment in that the affidavit presents false information by failing to acknowledge the extension agreement. Based on our interpretation of the Adames' first issue, we will address that issue later in the opinion and, at this juncture, focus on the Adames' second point of error.

In that second issue, the Adames maintain that summary judgment in favor of Vista Bank is improper because the affidavit of bank representative Toby Cecil failed to acknowledge the extension agreement. Indeed, the Adames have provided this Court a copy of the ninety-day extension agreement, which appears to be executed by the parties and does not appear in Vista Bank's evidence in support of its motion. The obstacle facing the Adames in this second issue relating to the extension agreement is

3

that the evidence of the extension agreement appears first and only in the appendix to Adames' brief.

So, assuming only for the sake of analysis that the merits of the Adames' contention regarding the extension are sound, the couple's failure to bring forth evidence of the extension agreement is fatal to their position on appeal because summary judgment motions and responses "must stand or fall on the grounds expressly presented" to the trial court. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see also* TEX. R. CIV. P. 166a(c); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). Consequently, appellate review of a summary judgment is limited to the record that was before the trial court when it granted summary judgment. *See Ramirez v. Garcia*, 413 S.W.3d 134, 149 (Tex. App.—Amarillo 2013, pet. filed); *Davis v. Med. Evaluation Specialists, Inc.*, 31 S.W.3d 788, 793 n.4 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (op. on reh'g).

The record before the trial court included no evidence of the ninety-day extension. Even if the trial court would have considered the Adames' late-filed response to the bank's motion for summary judgment, that response did not include evidence of the extension agreement. Accordingly, based on the record as it was before the trial court at the time it granted summary judgment, we cannot reverse summary judgment on grounds related to evidence or the absence of evidence of the extension agreement. Put another way, looking only at what was before the trial court at the time it granted summary judgment, we cannot say that the trial court erred when it granted summary judgment on that record. Therefore, we overrule the Adames' second issue on appeal.

Wallace's Participation, FDIC Orders

The Adames contend that, knowing that the FDIC was investigating Shay Wallace, the loan officer with whom the Adames regularly dealt, Vista Bank nonetheless allowed Wallace to represent the bank in dealing with the Adames. The Adames point out that the FDIC ultimately and formally found that Wallace "engaged or participated in violations of the law or regulations, unsafe or unsound banking practices, and/or breaches of fiduciary duty as an institution-affiliated party" and prohibited him by order from participation in certain activities related to banking. Asserting that the continued dealing with Wallace was unethical, the Adames raise the issue of Wallace's ineligibility on appeal. Again, though, the Adames failed to raise the issue until appeal; the FDIC "Order of Prohibition from Further Participation" appears only in the Adames' appendix on appeal. Consequently, we are constrained by general principles of error preservation as well as the well-established proposition that motions for summary judgment and responses to them "must stand or fall on the grounds expressly presented to the trial court." *See D.R. Horton-Tex., Ltd.*, 300 S.W.3d at 743; *see also* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). We cannot reach the merits of the issue raised and, therefore, must and do overrule it.

Failure to Attend Mediation

Likewise, we may not reach the Adames' issue relating to Vista Bank's failure to participate in mediation. The trial court was never apprised of the Adames' complaint that Vista Bank canceled and failed to reschedule the date provided in the trial court's

scheduling order. *See* TEX. R. CIV. P. 166a(c). This issue is also not properly before us, and we overrule it as well.

Legal Sufficiency: Default Status of Loans and Commercially Reasonable Sale

Procedural Considerations

The trial court set a hearing on Vista Bank's motion for summary judgment on January 10, 2014, and the Adames filed their response to the motion on January 9, 2014. The Texas Rules of Civil Procedure provide that parties choosing to file a response to a motion for summary judgment must do so no later than seven days prior to the date of the scheduled hearing. *See id.* Late filing is permitted only upon leave of the trial court. *See id.* Nothing in the record before us indicates that the trial court granted leave for the Adames to file their late response. In the absence of the record's suggestion that the trial court granted such leave, a reviewing court must presume that the trial court did not consider it. *See INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

Nonetheless, the trial court could not grant Vista Bank summary judgment by default; the bank was still required to prove that it was entitled to judgment as a matter of law. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC,* 437 S.W.3d 507, 511–12 (Tex. 2014). That is, the bank's summary judgment evidence is reviewable for legal sufficiency. *See id.* at 512.

6

Standard of Review

We review the trial court's grant of summary judgment *de novo*. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)). We consider all of the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In particular, a plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam)).

Applicable Law

Vista Bank's claim for a deficiency on a secured transaction called on it to prove the following elements: (1) the Adames executed a loan contract and security agreement specifying the collateral, (2) the Adames defaulted on the loan, (3) the Adames failed to repay the note despite notice and demand from Vista Bank, (4) Vista Bank foreclosed its security interest in the collateral and sold the collateral in a commercially reasonable manner, and (5) after disposition of the collateral, a deficiency

7

existed, repayment of which was required to make the secured party whole. *See McGee v. Deere & Co.*, No. 03-04-00222-CV, 2005 Tex. App. LEXIS 2179, at *4-5 (Tex. App.—Austin Mar. 24, 2005, no pet.) (mem. op.) (citing Tᴇx. Bᴜs. & Cᴏᴍ. Cᴏᴅᴇ Aɴɴ. §§ 9.610, 9.615 (West 2011)).

Discussion

After having interpreted and addressed the issues the Adames raise on appeal, the Adames' remaining, viable points of error challenge only whether Vista Bank met its summary-judgment burden regarding (1) the element of default status of the loan, and (2) the commercial reasonableness aspect of the fourth element. We will limit our analysis accordingly.

Default status

Returning to the issues concerning the ninety-day extension agreement, the Adames maintain in their first point of error that one of the loans, loan number 60248, was not in default after the parties had agreed to the ninety-day extension, the formal written evidence of which Vista failed to provide in support of its motion for summary judgment. As we pointed out *supra*, the Adames have provided this Court a copy of the ninety-day extension agreement, which appears to be duly executed by the parties. And, as we concluded earlier as to the Adames' second point of error, the extension agreement's impact on the credibility of an affidavit in support of Vista Bank's motion for summary judgment is an issue that was never raised—not even in the Adames' late response—and we may not consider it.

To the extent the Adames' first issue concerning the extension agreement raises the sufficiency of Vista Bank's evidence that the subject loans were in default, we address that issue. It appears the Adames contend that Vista Bank failed to prove that loan number 60248 was in default because the parties executed the extension. However, as the Adames point out in their second point of error, evidence of the extension agreement was never brought to the trial court, not by Vista Bank and not even in the Adames' late-filed response had it been considered below. We must examine the sufficiency of Vista Bank's evidence based on the record before the trial court at the time it granted summary judgment. *See Ramirez*, 413 S.W.3d at 149; *Davis*, 31 S.W.3d at 793 n.4. Vista Bank presented evidence demonstrating the terms and conditions of repayment as outlined in the promissory notes and also presented the payment history on the loans, evidence upon which the trial court could and did grant summary judgment. We cannot conclude that the trial court erroneously granted summary judgment based on evidence that was never introduced for its consideration. The trial court did not err by concluding that Vista Bank's evidence—albeit arguably incomplete as later-exposed evidence may suggest—established as a matter of law that the Adames defaulted in their repayment on loan 60248. We overrule the Adames' first point of error that contends otherwise.

Commercial Reasonableness

A commercially reasonable disposition is defined as one that is made (1) in the usual manner on any recognized market, (2) at the price current in any recognized market at the time of the disposition, or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the

disposition. TEX. BUS. & COM. CODE ANN. § 9.627(b) (West 2011). The creditor's burden of showing commercially reasonable disposition of collateral and notification of disposition to debtor can be met by pleading specifically or averring generally that all conditions precedent to deficiency suit have been met. *See Greathouse v. Charter Nat'l Bank-Sw.*, 851 S.W.2d 173, 176–77 (Tex. 1992); *Friedman v. Atl. Funding Corp.*, 936 S.W.2d 38, 41 (Tex. App.—Austin 1996, no writ).

Vista Bank averred generally in its petition that all conditions precedent had been met. Therefore, in order for Vista Bank to have been required to set forth proof regarding the commercial reasonableness of the sale, the Adames would have had to specifically deny that the sale was commercially reasonable. *See Greathouse*, 851 S.W.2d at 174. The Adames' answer only generally denied Vista Bank's allegations, and it was, therefore, inadequate to shift the burden back to Vista Bank to specifically allege and prove the commercial reasonableness of the sale of the vehicles.[1] That said, Vista Bank was not required to specifically prove commercially reasonable disposition of the vehicles. *See id.* We overrule the Adames' fifth and final point of error.

---

[1] Further, even if the Adames had raised the issue in their answer in the same manner as they now raise it on appeal, there remains a question as to whether it would have properly raised the issue of the commercial reasonableness of the sale of the vehicles. The mere allegation that property was sold for less than the purported market value is insufficient to raise a question as to the commercial reasonableness of the sale. *See* TEX. BUS. & COM. CODE ANN. § 9.627(a) (providing that fact that a greater amount could have been obtained by disposition at a different time or in a different method from that selected by secured party is not of itself sufficient to preclude secured party from establishing that disposition was made in commercially reasonable manner).

Conclusion

Having overruled each of the Adames' five points of error, we affirm the trial court's judgment.  *See* TEX. R. APP. P. 43.2(a).



Mackey K. Hancock
Justice