# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2015

Lyle W. Cayce
Clerk

STATE FARM LLOYDS,

      Plaintiff - Appellee

v.

DONNA COWEY, as representative of the Estate of Staci Michelle
Montgomery, and on behalf of all those entitled to recover under the Texas
Wrongful Death and Survival Acts for the death of Staci Michelle
Montgomery,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2994

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

    Scott Matthew Marshall pleaded guilty to murdering Staci Montgomery
and was sentenced to forty years in prison. He signed a judicial confession
stating that he "intentionally and knowingly" caused Montgomery's death, and

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-10302

that he "intentionally and knowingly" committed aggravated assault with a deadly weapon by threatening her with imminent bodily injury.

Donna Cowey, Montgomery's mother, then sued Marshall and others under the Texas Wrongful Death and Survival Acts. State Farm Lloyds ("State Farm") agreed to defend Marshall under a renters' insurance policy, subject to a reservation of rights to deny indemnity for any judgment against him. Cowey obtained a judgment of $700,633.44 against Marshall in February 2014. In particular, the jury awarded $190,000 for past and future loss of companionship and society, $150,000 for past and future mental anguish suffered by Cowey, $250,000 for pain and mental anguish experienced by Montgomery "before her death," $19,587 in funeral and burial expenses, and $75,000 in exemplary damages, awarded "as a penalty or by way of punishment." Meanwhile, State Farm sued Marshall and Cowey, seeking a declaratory judgment that it had no duty to indemnify Marshall or pay a judgment against him for damages arising out of Montgomery's death. The district court granted State Farm's motion for summary judgment and entered a declaratory judgment against Marshall and Cowey. Cowey filed a timely notice of appeal.

We review de novo a district court's grant of summary judgment, viewing "all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)).

No. 15-10302

Texas law applies to this diversity lawsuit. Under Texas law, an "insurer's duty to indemnify depends on the facts proven and whether the damages caused by the actions or omissions proven are covered by the terms of the policy." *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2009). "In Texas, the insured carries the burden to establish the insurer's duty to indemnify by presenting facts sufficient to demonstrate coverage." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). Given that "[t]he underlying case often does not resolve all the factual issues necessary to determine coverage," "courts are not precluded from making factual findings in coverage actions." *Id.* at 404.

In construing an insurance policy under Texas law, we apply general principles of contract law. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). To determine the parties' intent, we first look to the language of the policy, seeking to harmonize and give effect to all provisions. *Id.* "Policy terms are given their ordinary and commonly understood meaning unless the policy itself shows the parties intended a different, technical meaning." *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008).

The policy at issue indemnifies Marshall for a suit brought against him "for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." An "occurrence" is defined as "an accident, including exposure to conditions, which results in: (a) bodily injury; or (b) property damage." "Bodily injury" is defined as "physical harm to a person," and does not include "emotional distress, mental anguish . . . or similar injury unless it arises out of actual physical injury to some person." Although the term "accident" is not defined in the policy, the Texas Supreme Court has defined an "accident" in the insurance context as "a fortuitous, unexpected, and unintended event." *Lamar Homes, Inc. v. Mid-Continent Cas.*

*Co.*, 242 S.W.3d 1, 8 (Tex. 2007). "In Texas, deliberate acts may constitute an accident unless: (1) the resulting damage was 'highly probable' because it was 'the natural and expected result of the insured's actions,' (2) 'the insured intended the injury,' or (3) the insured's acts constitute an intentional tort, in which case, the insured is presumed to have intended the injury." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 532 F.3d at 402 (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 8).

Cowey concedes that Montgomery's murder was not an "occurrence" and therefore was excluded from policy coverage. Instead, Cowey argues that the policy covers damages resulting from Marshall's actions before the murder. However, under the policy, damages are recoverable only if they arise from "bodily injury or property damage." "Bodily injury" is defined as "physical harm," and Cowey does not identify any physical harm separate from the injuries caused by the murder. While Cowey points to the award for mental anguish suffered by Montgomery before she died, mental anguish is a "bodily injury" only if it "arises out of actual physical injury." In the civil lawsuit, Marshall stipulated that after he shot Montgomery, she did not die immediately, but rather attempted to leave the residence while bleeding profusely. To the extent that the award was based on Montgomery's mental anguish during that time, the anguish was caused by her murder, which Cowey concedes is not an accident. To the extent the award was based on Montgomery's mental anguish before the shooting, Cowey does not identify any physical injury from which that anguish arose. In addition, the record compels the conclusion that Marshall's actions before the murder either were intentional or had a high probability of causing damage. *See id.*

No reasonable jury could find that State Farm had a duty to indemnify Marshall or pay a judgment against him for damages. We therefore AFFIRM the district court's grant of summary judgment in favor of State Farm.