

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00347-CV
_____

ROSANNA SILVERIO AND ALVIN GREEN, Appellants

V.

TRADITIONAL HERITAGE VILLAGE HOMEOWNERS ASSOCIATION, INC.
A/K/A HERITAGE VILLAGE, Appellee

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 19-1706-367

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

This is an appeal from a judgment allowing foreclosure of a lien for failure to pay homeowner's association assessments and other costs. Appellants Rosanna Silverio and Alvin Green (collectively, Homeowners) complain on appeal that the trial court erred by granting traditional summary judgment on the claims brought by Appellee Traditional Heritage Village Homeowners Association, Inc. a/k/a Heritage Village (the HOA) and by granting no-evidence summary judgment on their counterclaims. We reverse the trial court's award of attorney's fees and affirm the remainder of the trial court's judgment.

### Background

In 2015, because Homeowners had failed to pay the HOA's assessments, the HOA successfully sued Homeowners to foreclose on the HOA's assessment lien on Homeowner's property (the Property). In addition to authorizing the foreclosure for $3,990.88 in unpaid assessments, the 2015 foreclosure judgment awarded the HOA $7,500.00 in attorney's fees. On June 2, 2015, the Property was sold to 8199 Robertson Land Trust (the Land Trust) at a foreclosure sale for $11,500. In October 2015, Homeowners paid the Land Trust $12,262.00 to redeem the property, and the Land Trust executed an October 29, 2015 redemption deed conveying the Property back to Homeowners. *See* Tex. Prop. Code Ann. § 209.011(e).

In February 2019, the HOA again sued Homeowners to foreclose on a lien on the Property, asserting nonpayment of assessments, late fees, and attorney's fees. The

HOA stated in its petition that the Property was burdened by a Declaration of Covenants, Conditions, and Restrictions (the Declaration) that allows the HOA to levy assessments against property within the HOA, reserves a lien against each property within the HOA to secure payment of the assessments and interest on past due assessments, and permits the HOA to foreclose on property for the nonpayment of assessments. The HOA sought judicial foreclosure of this lien on the Property. *See id.* § 209.0092. It also asserted a claim for breach of contract and requested an award of attorney's fees.

Homeowners, pro se, filed an answer asserting multiple affirmative defenses, including accord and satisfaction, unclean hands, estoppel, laches, fraud, release, and res judicata. They claimed that they had been paying their HOA assessments and that, when they redeemed the Property in 2015, they had been assured by the HOA that if they redeemed the Property by paying "exactly the amount being claimed again by [the HOA] in this action," they would recover the Property free of any liens. They also pled counterclaims for fraud and for unconscionable acts and "laundry list" violations of Texas's Deceptive Trade Practices Act. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(1), (3).

The HOA filed a combined traditional and no-evidence summary judgment motion. In the no-evidence portion of its motion, the HOA asserted that Homeowners had no competent summary judgment evidence on each element of their counterclaims. In the traditional part of the motion, the HOA asserted that its evidence established as

3

a matter of law that it was entitled to judgment on its claims. Its evidence included the 2015 foreclosure judgment; a deed showing that the Property had been sold at foreclosure and conveying the Property to the Land Trust; the redemption deed showing that Homeowners redeemed the Property the same year; and a report from the HOA indicating that after redeeming the Property, Homeowners had again accrued unpaid assessments and late fees. The HOA also included a copy of the Declaration.

Homeowners filed a summary judgment response asserting that they were being asked to pay the same amounts that they had paid when redeeming their property, which "violate[d] the Texas Rule against double recovery." The only evidence that they attached to their response was the HOA's answers to Homeowners' interrogatories. They provided no evidence that they had paid the assessments or other charges after redeeming the Property.

The visiting judge assigned to hear the case granted summary judgment for the HOA. In his June 2019 final judgment, the judge ordered that the HOA recover from Homeowners "a personal judgment in the amount of $30,748.63," plus $5,000 in attorney's fees, and further ordered that the property be seized and sold at a foreclosure sale.

### Summary Judgment Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In reviewing a traditional summary judgment, we consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable

to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). Generally, the nonmovant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see* Tex. R. Civ. P. 166a(c); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins.*, 300 S.W.3d 740, 743 (Tex. 2009). No response is necessary, however, when the movant's summary-judgment proof is legally insufficient. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

As with a traditional summary judgment, when reviewing a no-evidence summary judgment, we examine the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not

proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

## Discussion

Homeowners argue in their sole issue that the trial court erred by granting summary judgment for the HOA because there were several important issues of material fact and that the HOA failed to prove that the attorney's fees requested by the HOA are reasonable or recoverable. *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

## I.      Traditional Summary Judgment on the HOA's Claims

With respect to the HOA's claims, Homeowners argue that, since their redemption of the Property, they have paid the HOA's assessments and that the HOA seeks in this suit to recover the same unpaid assessments for which it foreclosed in 2015 and for which it was paid when the Property was sold at foreclosure for $11,500. The summary judgment evidence does not support these assertions, however. With its summary judgment motion, the HOA included a copy of the June 2, 2015 assessment lien deed conveying the Property to the Land Trust; the October 29, 2015 redemption deed conveying the Property from the Land Trust back to Homeowners; and a "Resident Transaction Report" (the Report) showing the charges that the HOA had made with respect to the Property. The Report shows unpaid charges beginning on August 31, 2015—after the June 2015 foreclosure sale, the proceeds of which satisfied the 2015 foreclosure judgment debt—and Homeowners produced no evidence to

contradict the Report. The Report thus defeats Homeowners' argument that the HOA is seeking to recover the same assessments, late fees, and costs that had been assessed before the 2015 foreclosure and satisfied by the 2015 foreclosure sale.

Homeowners further argue that the HOA "fail[ed] to subtract the time that [Homeowners] did not have possession of the property [after the 2015 foreclosure and before they redeemed the Property,] which was June 2, 2015—October 14, 2015." They also note that in the 2015 foreclosure judgment, the trial court crossed out language that would have granted the HOA attorney's fees for post-judgment collection efforts and for any appeal of the judgment, and they thus argue that the HOA could not recover the legal fees in the Report. Homeowners do not otherwise complain about the HOA's calculation of the assessments, late fees, and legal fees claimed in this case or how the trial court reached the total damages that it awarded to the HOA.

The Declaration makes an owner of property subject to the Declaration personally liable for assessments, but only for assessments incurred during the person's ownership of the property. However, under the Property Code, to redeem property that has been sold at foreclosure for failure to pay homeowner association assessments, the property owner must pay to the homeowner's association costs and fees specified in the statute.[1] Tex. Prop. Code Ann. § 209.011(e)(1). The costs in that section include

---

[1]The property owner must also pay certain costs to the foreclosure sale purchaser, including the purchase price paid at the foreclosure sale. Tex. Prop. Code Ann. § 209.011(e)(2).

"any unpaid assessments levied against the property by the association after the date of the foreclosure sale" and "costs incurred by the association in foreclosing the lien and conveying the property to the redeeming lot owner, including reasonable attorney's fees." *Id.* § 209.011(e)(1)(C), (D).

Homeowners paid the Land Trust to redeem the Property, but they produced no evidence that they paid the HOA the amounts that they were required to pay under Section 209.011(e). On the other hand, the Report showed that there were assessments charged but not paid while Homeowners did not own the Property, which Homeowners did not pay when redeeming the Property. The Report also shows charges from the law firm representing the HOA; the Report has no information about the basis for these legal fees,[2] and Homeowners produced no evidence to support their argument that the charges were from post-judgment efforts to collect on the 2015 foreclosure judgment (as opposed to costs incurred in bringing the foreclosure

---

[2]The Report lists over $16,000 in charges designated as legal fees or invoices from the HOA's law firm; $9,300.00 was billed during the time that Homeowners did not own the Property. The HOA argues that "[t]he basis for at least part of [its] claims [in this case] was the appellate process initiated by" Green from a 2015 bankruptcy proceeding. It contends, "[t]his process required significant briefing and attorney work to defend the Association's legal position and uphold the motion for relief order and the foreclosure that took place prior to the appeal." To the extent the HOA thus argues that these costs were "incurred by the association in foreclosing the lien," nothing in the record supports that assertion. However, as stated above, Homeowners do not argue that the legal fees in the Report were not recoverable under Section 209.011 and do not challenge the HOA's entitlement to the fees other than to argue that the HOA cannot recover charges incurred while they did not own the Property.

8

action, which the HOA, by statute, was entitled to be paid) or for an appeal of that judgment. Homeowners do not argue that those charges are unreasonable or not recoverable under the Property Code. They complain only that the HOA was not authorized to recover any costs it incurred while Homeowners did not own the Property. They are incorrect.

Homeowners assert that before they redeemed the Property, they spoke with a representative of the HOA, "who told them that it had sold the lien and that if they went and paid the lien purchaser, they should recover their property" and that "[o]n [the HOA's] instructions, [Homeowners] went ahead and paid the lien purchaser and recovered the property." They contend that the HOA "made it clear to [Homeowners] that this was the . . . only one condition and requirement to [Homeowners'] recovery of their property," and they argue that the HOA's attorney, "who was communicating with [Homeowners,] never mentioned that there would be any other amounts owed." However, Homeowners produced no evidence of a representation by the HOA or its attorney with respect to redeeming the Property, much less a representation that the HOA was waiving its right to payment of the amounts in Section 209.011 or that Homeowners owed nothing to the HOA. After the trial court signed its judgment, Homeowners filed "Appellants Amended Motion for Stay Judgment Pending Appeal," to which they attached a copy of a letter from the attorney for the Land Trust, which informed Homeowners of the amount they needed to pay the Land Trust to redeem

9

the Property.[3] Even if Homeowners had filed this evidence with their summary judgment response, this letter is not evidence that Homeowners owed nothing to the HOA.[4] Further, while Homeowners assert that "[i]t was clear that the so-called third party was not really a bone [sic] fide purchaser but simply an agent acting on behalf of" the HOA, they produced no evidence on that point.

Homeowners further argue that the trial court erred and abused its discretion by denying their request for continuance of the summary judgment hearing. The only mention of a continuance in the record appears in Homeowners' summary judgment response in which they stated that a trial court may order a continuance to permit affidavits to be obtained or depositions to be taken. *See* Tex. R. Civ. P. 166a(g). They made this statement in a paragraph asserting that discovery had not been completed and the parties were discussing a date to take depositions. Homeowners did not specifically request a continuance. Even construing the response as a motion for a continuance, however, the motion was neither verified nor supported with an affidavit setting forth the reasons why Homeowners could not present the facts necessary to respond to the HOA's summary judgment motion. *See* Tex. R. Civ. P. 166a(g), 251, 252;

---

[3]The Land Trust instructed Homeowners to pay $11,500.00 to reimburse it for the purchase price, $70.00 for a deed recording fee, and $346.00 for eviction costs.

[4]Homeowners assert in their brief that at the summary judgment hearing, the trial court asked the HOA if Homeowners still owed money to the HOA, and the HOA's attorney responded, "No[,] zero balance." However, no reporter's record was made of the hearing.

*Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 662 (Tex. 2009); *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996).

Homeowners mention in their brief that they objected to the assignment of a visiting judge to preside over the summary judgment hearing and rule on the motion. Homeowners do not explicitly argue that the summary judgment should be reversed because they objected to the visiting judge. However, even assuming that they make this argument, nothing in the record indicates that they objected to the visiting judge before the summary judgment hearing or the trial court's signing, and the clerk's filing, of the final judgment. *See* Tex. Gov't Code Ann. § 74.053(c) (providing that a party may object to a visiting judge but that the objection "must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial . . . commences, whichever date occurs earlier"). To the contrary, the only evidence in the record on that point is that trial court's final judgment was filed at 11:40 a.m. on June 20, 2019, and Homeowners filed their objection to the visiting judge at 4:14 p.m. that same day. Homeowners' objection was therefore untimely.

Each of Homeowners' arguments with respect to the grant of summary judgment on the HOA's claims is without merit. Accordingly, we overrule Homeowners' issue as to those claims.

## II.    No-Evidence Summary Judgment on Homeowners' Counterclaims

Homeowners argue that the trial court erred by granting no-evidence summary judgment on their counterclaims. With respect to their DTPA claims, they argue in their

brief that they raised a fact issue about whether they are "consumers" for purposes of the DTPA and that the HOA was therefore not entitled to no-evidence summary judgment on their DTPA claims. However, even assuming that they established their consumer status, they do not argue that they provided any evidence of DTPA violations. *See* Tex. R. App. P. 38.1. The only evidence they included with their summary judgment response was the HOA's responses to Homeowners' interrogatories, in which the HOA acknowledged that in 2015, the Property had been sold to the Land Trust in accordance with the 2015 foreclosure judgment and that the HOA received the sum of $11,500.00 for the Property. From our review of these discovery responses, we see no evidence that the HOA committed either an unconscionable act or a "laundry list" violation of the DTPA that was a producing cause of Homeowners' injuries, and Homeowners do not explain how this evidence or any other evidence before the trial court raised a genuine issue of material fact on whether the HOA violated the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.50(a); *Payne v. Highland Homes, Ltd.*, No. 02-14-00067-CV, 2016 WL 3569533, at *8 (Tex. App.—Fort Worth June 30, 2016, no pet.) (mem. op.) (setting out elements of DTPA claim).

Homeowners additionally argue that the HOA's "conduct toward [them], as described in [their] pleadings for counterclaims in their Amended Answer in this case, contains all the elements of fraud." However, pleadings are not summary judgment evidence, *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), and Homeowners do not tell this court how any summary judgment evidence

12

raised a genuine issue of material fact as to the elements of their fraud claim. *See* Tex. R. App. P. 38.1. From our review of the responses, we see no evidence that the HOA made a material misrepresentation that was false when made and was made with the intent that Homeowners rely on it. *See Lennon II Family Ltd. P'ship v. Gideo*, No. 02-18-00250-CV, 2019 WL 4124399, at *11 (Tex. App.—Fort Worth Aug. 29, 2019, pet. denied) (setting out elements of fraud). Because Homeowners did not submit evidence raising a genuine issue of material fact as to their counterclaims, we overrule this part of their issue.

## III. Attorney's Fees

Finally under their issue, Homeowners argue that "[a]s to the attorney's fees requested by [the HOA] in its motion for summary judgment, the fees are not reasonable given the facts of the case and history of the proceedings" and that the HOA "fail[ed] to state and prove any ground upon which attorney's fees [were] reasonable or recoverable." We agree that the HOA did not provide sufficient evidence to support the $5,000.00 awarded in attorney's fees.

"When a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). Both the reasonableness and the necessity of a fee are fact questions. *Id.*

The lodestar method of fee calculation applies "to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be

13

employed." *Id.* at 498. With the lodestar method, "the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Id.* Sufficient evidence of a reasonable and necessary fee "includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* Contemporaneous billing records are not strictly required to prove the reasonableness and necessity of requested fees but are *strongly* encouraged. *Id.* at 502.

To support an award of attorney's fees, the HOA submitted the affidavit of its attorney. The attorney stated that he had "performed at least 100 hours of work on this matter." As for specific work he performed, the affidavit noted that he had sent a collection notice to Homeowners and had "notified [Homeowners] of the debt on at least two different occasions." He further set out the following information related to his services:

> 11) The preparation of the Original Petition for Judicial Foreclosure was very time consumptive and required a review of the title records as well as an exhaustive review of the entire client file, the Declaration of the Association, and Applicable Texas Law.

> 12) This Judicial Foreclosure action has been very time consumptive and required in excess of 20 hours of my time.

14

13) I am familiar with reasonable attorney's fees as charged for same or similar services in Denton County, Texas. I believe that a charge of three hundred dollars ($300.00) per hour is fair and reasonable. The charges reflected as attorney's fees or legal fees on the financial transactions ledger were necessary as a result of the [Homeowners'] failure to pay assessments and fees owed to the Association. [Homeowners] have consistently failed or refused to pay the sums legitimately charge to the account.

Generalities about tasks performed do not provide sufficient information for the factfinder "to meaningfully review whether the tasks and hours were reasonable and necessary under the lodestar method." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). While the affidavit identifies several specific tasks performed by the attorney—sending two notices of the debt; preparing the petition; and reviewing title records, the client file, and Texas law—the affidavit does not show the amount of time spent on each task. The HOA did not provide billing records to show the time spent on those tasks, and no other affidavit evidence provides that information or shows how the attorney arrived at the $5,000.00 amount requested in attorney's fees. The HOA provided no evidence of the time spent on specific tasks, and consequently "the trial court had insufficient information to meaningfully review the fee request." *Id.* at 255. Because insufficient evidence supports the trial court's award of attorney's fees, we sustain this part of Homeowners' issue and remand the issue of attorney's fees to the trial court. *See id.* at 256.

**Conclusion**

Because insufficient evidence supports the trial court's award of attorney's fees, we reverse the award of attorney's fees. Because Homeowners failed to produce

evidence sufficient to raise a fact issue on the HOA's claims and their counterclaims, we affirm the remainder of the trial court's summary judgment. We remand this case for a determination of a reasonable and necessary attorney's fee award consistent with this opinion.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: August 20, 2020

16