# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

No. 23-20405

_____

Nationwide Mutual Insurance Company,

*Plaintiff—Appellee*,

*versus*

Hiu Lam Cookie Choi; Brandon Ng,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1231

_____

Before Dennis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Hiu Lam Cookie Choi and Brandon Ng, two individuals insured by Nationwide Mutual Insurance Co., were sued for theft of Bitcoin. Nationwide brought suit against its insureds for a declaratory judgment that it had no obligation to provide coverage under a homeowner policy and a personal-umbrella policy. The district court granted summary judgment,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

holding Nationwide was not obligated either to defend or indemnify Choi or Ng in the underlying lawsuit.

"An insurer must defend its insured if a plaintiff's factual allegations potentially support a covered claim, while the facts actually established in the underlying suit determine whether the insurer must indemnify its insured." *Zurich Am. Ins. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008).

The policy issued by Nationwide required it to defend and indemnify a claim against the insureds for damages based on an "occurrence" arising from negligent personal acts. The policy in turn defines an occurrence as "an accident . . . which results, during the policy period, in . . . '[p]roperty damage.'" The underlying lawsuit against Choi and Ng alleges only intentional acts. We reject the argument that a particular paragraph in the complaint should be interpreted as claiming negligence. Therefore, Nationwide has no duty to defend.

"[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." *Farmers Tex. Cnty. Mut. Ins. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original). That court later explained that its decision in *Griffin* "was grounded on the impossibility that the drive-by shooting in that case could be transformed by proof of any conceivable set of facts into an auto accident covered by the insurance policy." *D.R. Horton-Tex., Ltd. v. Markel Intern. Ins.*, 300 S.W.3d 740, 745 (Tex. 2009). There is a similar impossibility that this claim based on theft of property can be transformed into a negligence case.

The district court properly ruled there was no duty to indemnify.

AFFIRMED.